UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IESHA MCNAIR                                                    CV

                                   Plaintiff,
        -against-                                              **COMPLAINT**

BIG BOWL, LLC D/B/A FRAMES BOWLING          **JURY TRIAL REQUESTED**
LOUNGE

                                   Defendant.
-----------------------------------------------------------------x

<u>**COMPLAINT**</u>

Plaintiff Iesha McNair (hereafter referred to as "Plaintiff"), by counsel, The

Parker Law Group P.C., as and for the Complaint in this action against Defendant Big

Bowl, LLC d/b/a Frames Bowling Lounge (also referred to as "Defendant"), hereby

alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages, nominal damages, and attorney's fees,

costs, and expenses to redress Defendant's unlawful disability discrimination against

Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42

U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human

Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive

Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City

Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New

York ("Administrative Code")*.*  As explained more fully below, Defendant owns, leases,

leases to, operates, and/or controls a place of public accommodation that violates the above-mentioned laws.  Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      This Defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught.  In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendant to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

5.     At all relevant times, defendant Big Bowl, LLC d/b/a Frames Bowling Lounge leases property located at 550 Ninth Avenue in New York County, New York (hereinafter referred to as "550 Ninth Avenue").

6.     At all relevant times, defendant Big Bowl, LLC d/b/a Frames Bowling Lounge has and continues to operate a bowling hall, bar and restaurant at 550 Ninth Avenue doing business as Frames Bowling Lounge (hereinafter referred to as the "Frames Bowling Lounge" premises).

7.     Defendant is licensed to and does business in New York State.

8.     Frames Bowling Lounge features a gracious lounge, two bars, a Billiards room and 28 sleek bowling lanes, including 2 with VIP access. It has a modern, luxurious vibe, and is considered the ultimate spot in nightlife and bowling entertainment.

9.     At all times relevant to this action, Plaintiff Iesha McNair has been and remains currently a resident of Brooklyn, New York.

10.     At all times relevant to this action, Plaintiff Iesha McNair has been and remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

11.     On February 5, 2025, Plaintiff patronized Frames Bowling Lounge.

12.     Plaintiff experienced numerous accessibility barriers at Frames Bowling Lounge including, but not limited to, the lack of a wheelchair accessible route to any of the bowling lanes.

13.     But the most difficult and embarrassing barrier occurred at the women's restroom.

3

14.    While the women's restroom is labeled as wheelchair accessible, it is not.

15.    Plaintiff was able to roll in to the designated accessible women's bathroom stall even though she suspected something was wrong with the size.

16.    But Plaintiff needed to use the restroom and did not have the luxury of going back outside to most likely find out that no other "accessible" bathroom was available.

17.    To Plaintiff's horror, she was trapped inside because this bathroom stall was created smaller than the minimum required dimensions.

18.    Maneuvering her wheelchair inside was extremely difficult.

19.    Plaintiff attempted to turn her wheelchair around to exit but she was blocked in.

20.    Desperate and frightened, Plaintiff attempted to lift the armrest on her wheelchair to avoid breaking it since it kept getting stuck, but that didn't work either.

21.    Frustration quickly set in, and when others entered the restroom, that frustration turned into humiliation and embarrassment.

22.    Ultimately, she had to use all her strength to briefly push herself up and carefully reposition her wheelchair and then narrowly escaped the stall.

23.    Because of this horrific experience, Plaintiff has been deterred from returning to Frames Bowling Lounge.

24.    And Plaintiff desires to return to Frames Bowling Lounge when the accessibility barriers are remediated so that she could fully enjoy the unique experience offered by Frames Bowling Lounge.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25.    Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, the Frames Bowling Lounge premises located at 550 Ninth Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

26.    The Frames Bowling Lounge premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

27.    Numerous architectural barriers exist at the Frames Bowling Lounge premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

28.    Upon information and belief, at some time after January 1992, alterations were made to 550 Ninth Avenue, including areas adjacent and/or attached to 550 Ninth Avenue.

29.    Upon information and belief, at some time after January 1992, alterations were made to the Frames Bowling Lounge premises, and to areas of 550 Ninth Avenue related to the Frames Bowling Lounge premises.

30.    The services, features, elements and spaces of the Frames Bowling Lounge premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for

Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA")
or the revised final regulations implementing Title III of the ADA adopted by the United
States Department of Justice in 2010 as the 2010 Standards for Accessible Design
(hereinafter referred to as the "2010 Standards" or the "2010 ADA").

31.     Because of Defendant's failure to comply with the above-mentioned laws,
including but not limited to the 1991 Standards or the 2010 Standards and the
Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and
complete access to all of the areas of the Frames Bowling Lounge premises that are open
and available to the public.

32.     Defendant's place of public accommodation has not been designed,
constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or
the Building Code of the City of New York ("BCCNY").

33.     Barriers to access that Plaintiff experienced, encountered and/or which
deter Plaintiff from patronizing the Frames Bowling Lounge premises as well as
architectural barriers that exist include, but are not limited to, the following:

I.   Defendant fails to provide that at least 5%, but no fewer than one of each type of
     bowling lane is on an accessible route.  See 2010 Standards 206.2.11.

II.  Defendant fails to provide an accessible route to each level and mezzanine
     required to be accessible including, but not limited to, the Lyric Lounge and the
     bowling lanes. See 1991 Standards 4.1.3(5); 2010 Standards 206.2.3; and
     BCCNY 1104.4.

III. Defendant fails to provide an accessible route that coincides with the general
     circulation path.  See 1991 Standards 4.3.2(1); 2010 Standards 206.3; and
     BCCNY 1104.5.

IV.  Defendant fails to provide an accessible route of at least 36 inches. See 1991
     Standards 4.3.3; 2010 Standards 403.5.1; and BCCNY ANSI/A117.1 -2003 403.5.

V. Defendant fails to provide the minimum required maneuvering clearances from which to make a 180-degree turn around an element along the accessible route. See 1991 Standards 4.3.3; 2010 Standards 403.5.2; and BCCNY ANSI/A117.1 -2003 403.5.1.

VI. Defendant fails to provide accessible routes that have vertical changes in level of 1/4 inch high maximum. See 1991 Standards 4.5.2; 2010 Standards 303.2; and BCCNY ANSI/A117.1 -2003 303.2.

VII. Defendant fails to provide that at least one of each type of sales and/or service counter is accessible. See 1991 Standards 7.2(1); 2010 Standards 227.3; and BCCNY 1109.12.

VIII. Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1); 2010 Standards 904.4; and BCCNY ANSI/A117.1 -2003 904.3.

IX. Defendant fails to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

X. Defendant fails to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XI. Defendant fails to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XII. Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route. See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XIII. Defendant fails to provide a space for dining where plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes. See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XIV. Defendant fails to provide the International Symbol of Accessibility at its designated accessible seating. BCCNY § 11010.1(9).

XV. Defendant fails to provide dining tables and/or surfaces that are at an accessible height. See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XVI.    Defendant fails to provide dining tables and/or surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVII.    Defendant fails to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XVIII.    Defendant fails to provide a bench seat of sufficient length or depth.  See 2010 Standards § 903.3.

XIX.    Defendant fails to provide that the top of the bench seat is between 17 inches and 19 inches above the finished floor.  See 2010 Standards § 903.5.

XX.    Defendant fails to provide a bench seat with the minimum required back support. See 2010 Standards § 903.4.

XXI.    Defendant fails to provide access to all the dining areas, and the building has an elevator.  See 1991 Standards § 5.4; and the 2010 Standards §§ 206.5, 206, 403.

XXII.    Defendant fails to provide an accessible portion of its counter and bar with food service, and no accessible tables exist in the same area.  See 28 C.F.R. §36.302; 1991 Standards §§ 4.1.3(18), 5.2, 5.1, 4.2.4, and 4.32; and 2010 Standards §§ 226.1, 902.2, 305, 306, 902.3.

XXIII.    Defendant fails to provide that all changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8; 2010 Standards 303.4; and BCCNY ANSI/A117.1 -2003 303.3.

XXIV.    Defendant fails to provide running slopes that are not steeper than 1:12 (8.33%) at ramps. See 1991 Standards 4.8.2; 2010 Standards 405.2; and BCCNY ANSI/A117.1 -2003 405.2.

XXV.    Defendant fails to provide cross slopes that are not steeper than 1:48 (2.0%) at ramps. See 1991 Standards 4.8.2; 2010 Standards 405.3; and BCCNY ANSI/A117.1 -2003 405.3.

XXVI.    Defendant fails to provide a 30 inches maximum rise at ramps. See 1991 Standards 4.8.2; 2010 Standards 405.6; and BCCNY ANSI/A117.1 -2003 405.6.

XXVII.    Defendant fails to provide the required handrails on both sides of ramps. See 1991 Standards 4.8.5(1); 2010 Standards 505.2; and BCCNY ANSI/A117.1 -2003 505.2.

XXVIII.  Defendant fails to provide handrails that are continuous from the top to the bottom of ramps.  See 1991 Standards 4.8.5(4); 2010 Standards 505.3; and BCCNY ANSI/A117.1 -2003 505.3.

XXIX.  Defendant fails to provide handrails that have ends that are either rounded or returned smoothly to floor, wall, or post at ramps.  See 1991 Standards 4.8.5(6); 2010 Standards 505.6; and BCCNY ANSI/A117.1 -2003 505.6.

XXX.  Defendant fails to provide the required handrail extensions at ramps. See 1991 Standards 4.8.5(2); 2010 Standards 505.10.1; and BCCNY ANSI/A117.1 -2003 505.10.1.

XXXI.  Defendant fails to provide the required edge protection at ramps. See 1991 Standards 4.8.7; 2010 Standards 405.9; and BCCNY ANSI/A117.1 -2003 405.9.

XXXII.  Defendant fails to provide accessible toilet facilities.  See 1991 Standards 4.1.3(11); 2010 Standards 213.1; and BCCNY 1109.2.

XXXIII.  Defendant fails to provide that each toilet room is accessible. See 1991 Standards 4.1.3(11); 2010 Standards 213.2; and BCCNY 1109.2.

XXXIV.  Defendant fails to provide an accessible route to and from accessible toilet facilities.  See 1991 Standards 4.1.2(2); 2010 Standards 206.2.2; and BCCNY 1104.3.

XXXV.  Defendant fails to provide the required turning space within accessible toilet facilities. See 1991 Standards 4.23.3; 2010 Standards 603.2.1; and BCCNY ANSI/A117.1 -2003 603.2.1.

XXXVI.  Defendant fails to provide a clear floor space of 30 inches by 48 inches beyond the swing of the door within accessible toilet facilities. See 1991 Standards 4.23.2 and 4.23.3; 2010 Standards 603.2.3; and BCCNY ANSI/A117.1 -2003 603.2.3.

XXXVII.  Defendant fails to provide at least one accessible water closet. See 1991 Standards 4.23.4; 2010 Standards 213.3.2; and BCCNY 1109.2.

XXXVIII.  Defendant fails to provide at least one accessible toilet compartment. See 1991 Standards 4.23.4; 2010 Standards 213.3.1; and BCCNY 1109.2.2.

XXXIX.  Defendant fails to provide an accessible route to and from accessible water closets and/or toilet compartment.  See 1991 Standards 4.1.2(2); 2010 Standards 206.2.2; and BCCNY 1104.3.

XL.  Defendant fails to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches

9

minimum measured perpendicular from the rear wall. See 2010 Standards 604.3.1; and BCCNY ANSI/A117.1 -2003 604.3.1.

XLI.   Defendant fails to provide an accessible water closet with a seat height of 17 inches minimum and 19 inches maximum above the finish floor measured to the top of the seat. See 1991 Standards 4.16.3; 2010 Standards 604.4; and BCCNY ANSI/A117.1 -2003 604.4.

XLII.   Defendant fails to provide an accessible water closet with a flush control located on the open side of the water closet. See 1991 Standards 4.16.5; 2010 Standards 604.6; and BCCNY ANSI/A117.1 -2003 604.6.

XLIII.   Defendant fails to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7; and BCCNY ANSI/A117.1 -2003 604.7.

XLIV.   Defendant fails to provide an accessible water closet with a toilet paper dispensers that is located 15 inches minimum and 48 inches maximum above the finish floor and not located behind grab bars. See 2010 Standards 604.7; and BCCNY ANSI/A117.1 -2003 604.7.

XLV.   Defendant fails to provide an accessible toilet compartment that is 60 inches wide minimum measured perpendicular to the side wall, and 56 inches deep minimum for wall hung water closets. See 1991 Standards 4.17.3; 2010 Standards 604.8.1.1; and BCCNY ANSI/A117.1 -2003 604.8.2.

XLVI.   Defendant fails to provide an accessible toilet compartment that is 60 inches wide minimum measured perpendicular to the side wall, and 59 inches deep minimum for floor mounted water closets. See 1991 Standards 4.17.3; 2010 Standards 604.8.1.1; and BCCNY ANSI/A117.1 -2003 604.8.2.

XLVII.   Defendant fails to provide at least one accessible lavatory within accessible toilet facilities.  See 1991 Standards 4.23.6; 2010 Standards 213.3.4; and BCCNY 1109.2.

XLVIII.   Defendant fails to provide at least one accessible mirror within accessible toilet facilities. See 1991 Standards 4.23.6; 2010 Standards 213.3.5; and BCCNY 1109.2.

XLIX.   Defendant fails to provide an accessible mirror that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish within accessible toilet facilities. See 1991 Standards 4.19.6; 2010 Standards 603.3; and BCCNY ANSI/A117.1 -2003 603.3.

34.     Upon information and belief, a full inspection of the Frames Bowling Lounge premises will reveal the existence of other barriers to access.

35.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Frames Bowling Lounge premises to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

36.     Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

37.     Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

38.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Frames Bowling Lounge premises continue to exist and deter Plaintiff.

39.     Plaintiff intends to patronize the Frames Bowling Lounge premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

40.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Frames Bowling Lounge

premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

41.     Plaintiff intends to patronize the Frames Bowling Lounge premises several times a year as "tester" to monitor, ensure, and determine whether the Frames Bowling Lounge premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

42.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

43.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

44.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

45.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

46.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

47.     By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

48.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

49.     The Frames Bowling Lounge premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

50.     Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

51.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

52.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

53.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

54.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

55.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

56.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

59.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

14

60.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

61.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

62.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

63.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

64.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

65.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

66.     It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

67.     As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

68.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

69.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

70.     Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

71.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

72.     Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

73.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

74.     Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the

16

accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

75.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

76.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

77.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

78.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

79.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular,

17

Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

80.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

81.     Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

82.     By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

83.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

84.     By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

85.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

86.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

87.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

88.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

89.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.


## INJUNCTIVE RELIEF

90.     Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

91.     Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

92.     Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: September 26, 2025
        New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        28 Valley Road, Suite 1
        Montclair, New Jersey 07042
        Telephone: (347) 292-9042
        Email: ghp@parkerlawusa.com